**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 20, 2015

LETTER TO COUNSEL

      RE:    *Culver v. Commissioner, Social Security Administration*;
               Civil No. SAG-14-432

Dear Counsel:

      On February 12, 2014, Plaintiff Jackie Deneace Culver petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Defendant's supplemental brief. (ECF Nos. 12, 16, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Culver protectively filed claims for Disability Insurance Benefits and Supplemental Security Income on May 24, 2010. (Tr. 61–62, 149–59). She alleged a disability onset date of October 20, 2009. (Tr. 149, 158). Her claims were denied initially and on reconsideration. (Tr. 93–97, 100–06, 110–16). A hearing was held on November 26, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 36–60). Following the hearing, the ALJ determined that Ms. Culver was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18–35). The Appeals Council denied Ms. Culver's request for review. (Tr. 1–7). Thus, the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Culver suffered from the severe impairments of "anxiety/depression, lumbar degenerative disc disease (DDD) status post two procedures, osteoarthritis and tobacco abuse."[1] (Tr. 23). Despite these impairments, the ALJ determined that Ms. Culver retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the ability to stand/walk in excess of 4 hours, but less than 6 in an 8-hour day, and should have a sit/stand option. She can occasionally push/pull with the lower

---

[1] The record reveals that Ms. Culver underwent three, not two, surgical procedures to treat her lumbar radiculopathy. *See* (Tr. 254–55).

>    extremities and only occasionally kneel, crouch, stoop, crawl, balance, squat and climb stairs. She must avoid climbing ladders/scaffolds, dangerous heights/machinery and concentrated exposure to cold/vibrations. She can understand, remember and carry out simple unskilled work and is able concentrate [sic] and persist at that level of complexity. Finally, to lower workplace stress, she should have occasional contact with the public.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Culver could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 29–30). On appeal, Ms. Culver raised three arguments: (1) the ALJ did not properly evaluate medical evidence in the record; (2) the ALJ did not fully address Ms. Culver's need for a sit/stand option and hand-held assistive device; and (3) the ALJ did not consider medication side-effects in assessing Ms. Culver's RFC.

On March 18, 2015, while Ms. Culver's case remained pending, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, two of which appeared relevant to the analysis of this case. Accordingly, on March 24, 2015, the Court afforded the parties additional time to brief the apparent *Mascio* issues. (ECF No. 17).

Upon consideration of Ms. Culver's case under the dictates of *Mascio*, this Court finds that remand is warranted, based on the inadequacy of the ALJ's evaluation of Ms. Culver's "moderate difficulties" in concentration, persistence, or pace. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Culver was not entitled to benefits was correct or incorrect. Although relevant, I do not reach the question of whether remand is also warranted based on the ALJ's use of the boilerplate credibility language rejected by the Fourth Circuit in *Mascio*. However, on remand, the ALJ should consider whether she has provided sufficient analysis to allow the court to determine which of Ms. Culver's statements were or were not credited. *See Mascio*, 780 F.3d at 639–40.

To understand why remand is warranted in this case, some background is useful. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein[2] consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

---

[2] Listing 12.05, which pertains to intellectual disability, and Listing 12.09, which pertains to substance addiction disorders, do not follow this structure.

*Culver v. Commissioner, Social Security Administration*
Civil No. SAG-14-432
July 20, 2015
Page 3

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work,[3] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637–38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, as in *Mascio*, the ALJ did not explain how the restriction of Ms. Culver's RFC to "simple unskilled work" accounts for a finding of "moderate difficulties" in concentration,

---

[3] The hypothetical that the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

*Culver v. Commissioner, Social Security Administration*
Civil No. SAG-14-432
July 20, 2015
Page 4

persistence, or pace. *See* (Tr. 25). This case departs from *Mascio* insofar as the ALJ's final RFC assessment states that Ms. Culver can "concentrate and persist at [a simple unskilled] level of complexity," which, on its face, provides a link to the step three evaluation that was missing in *Mascio*. However, because the ALJ's RFC analysis fails to explain why Ms. Culver's moderate difficulties in concentration, persistence, or pace limit her to simple unskilled work, or would be adequately addressed by such a limitation, I am not able to determine that the ALJ's final assessment is supported by substantial evidence. For example, in the section of the opinion explaining the RFC assessment, the ALJ cites to an examination in which Ms. Culver's "anxiety was noted as mild [and] she was always s [sic] alert and oriented." (Tr. 27). The ALJ also noted that Ms. Culver "uses the computer to plays [sic] video games and chat on line [sic]," and concluded that "the totality of the record does not show [Ms. Culver] to be significantly limited by depression or anxiety." (Tr. 27). This limited discussion of Ms. Culver's mental impairments bears little-to-no relation to her abilities in the area of concentration, persistence, or pace, even as to her ability to sustain unskilled work. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should explain why Ms. Culver's moderate difficulties in concentration, persistence, and pace restrict her to simple unskilled work.

As for the arguments raised in Ms. Culver's Motion for Summary Judgment, I need not determine whether, standing alone, they merit remand, because I am remanding the case on the basis of *Mascio*. However, on remand, the ALJ should also cure an apparent deficiency highlighted in Ms. Culver's first argument. Specifically, to the extent the ALJ's RFC determination and VE hypothetical are inconsistent with Exhibits 10F, 12F, and 13F (to which the ALJ assigned "great weight"), the ALJ should explain which specific medical findings were rejected, and why. With respect to Ms. Culver's second argument that the ALJ did not sufficiently address her need for a sit/stand option and hand-held assistive device, I am unpersuaded. The RFC and VE hypothetical both include a sit/stand option, and as Defendant correctly notes, a lack of specificity is not fatal under established Fourth Circuit precedent. Additionally, the hypothetical posed to the VE specifically included the use of a cane, and thus the absence of a hand-held assistive device in the RFC assessment is harmless error. Finally, regarding Ms. Culver's third argument, I find that the ALJ's decision not to credit Ms. Culver's medication side-effects is supported by substantial evidence in the record; namely, Ms. Culver's inconsistent testimony, the fact that she has not sought treatment, and the fact that the medication was not prescribed by a mental health specialist.

For the reasons set forth herein, Ms. Culver's Motion for Summary Judgment (ECF No. 12) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

              Sincerely yours,

                /s/

              Stephanie A. Gallagher
              United States Magistrate Judge